IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

EPIFANIO GARCIA,

        Plaintiff,

v.                                                                                                    No. CIV 92-609 BB/WWD

CITY OF ALBUQUERQUE,

        Defendant.

## MEMORANDUM OPINION AND ORDER ON ATTORNEYS' FEES AND COSTS

THIS MATTER comes before the Court following a jury verdict in favor of the Plaintiff, on Plaintiff's motion for attorneys' fees and costs [#138], and the Court being intimately familiar with the litigation and having considered the briefs of the parties as well as Plaintiff's affidavits and billing statement, FINDS the motion is partially justified, and fees and costs will be Granted.

### Discussion

This case was originally filed in federal court on June 11, 1992. The complaint contained five counts with an appeal of the City Personnel Board appended to it. The original Defendants were the City of Albuquerque, former

Mayor Louis Saavedra, former Zoo director John Moore, Viveca Garson, and the five members of the City Personnel Board.

Following discovery, numerous claims were dismissed. On December 12, 1994, a Stipulation of Dismissal was filed which dismissed Counts III, IV, and V and all claims against Defendants Viveca Garson and John Moore. Then, Judge Vazquez dismissed all claims against the Albuquerque Personnel Board and former Mayor Saavedra and Plaintiff's claim for punitive damages. In addition, Judge Vazquez dismissed Plaintiff's administrative appeal without prejudice so Plaintiff could present novel issues of state law in a separate state court action.

Plaintiff's state court appeal was then adjudicated in the Second Judicial District Court in Bernalillo County, New Mexico. A subsequent appeal to the New Mexico Court of Appeals was docketed but Plaintiff never responded to the summary calendar opinion proposed by the Court of Appeals, and that appeal was apparently dismissed.

Concurrent with Plaintiff's state court appeal, the City of Albuquerque ("City") pursued an appeal of Judge Vazquez's refusal to dismiss the remaining federal court claims on the basis of *res judicata*. That appeal was docketed and briefed to the Tenth Circuit Court of Appeals, but the City withdrew that appeal on October 7, 1996. That left Plaintiff with claims concerning procedural due

process, substantive due process, breach of contract, and the Fifth and Ninth Amendments. However, because of the collateral estoppel effects of the claims Plaintiff unsuccessfully litigated in the state court, this Court dismissed all counts except the Fourth Amendment claim which proceeded to trial. The jury awarded Plaintiff $15,000 on this claim.

A plaintiff may be considered the prevailing party if he succeeds on a significant issue in the case, thereby winning some of the remedies sought. When a party prevails on only a limited issue, the reasonableness of the fee should be judged by the degree of success obtained. *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). When a plaintiff has had limited success, the court may reduce the fees requested either by identifying specific hours to be cut or by simply reducing the award to account for the limited success. *Ramos v. Lamm*, 713 F.2d 546, 556 (10th Cir. 1983); *Durant v. Independent Sch. Dist. No. 16*, 990 F.2d 560, 566 (10th Cir. 1993).

Plaintiff's attorney, Paul Livingston, submitted a bill for costs and attorneys' fees totaling $30,955.00. His associate, Susan G. Chappell, submitted a bill for costs and fees of an additional $2,704.61. Attorney Livingston seeks $100 per hour for the period 1992-94, $110 per hour for the period 1995-97, and $120 per hour for 1997. Attorney Chappell avers she agreed to represent the Plaintiff for

$100 per hour.  Defendant does not challenge these rates, and they appear reasonable based on this Court's experience and frequent review of rate petitions in civil rights cases.  *See Zuchel v. City & County of Denver*, 997 F.2d 730, 746 (10th Cir. 1993).  Both bills are supported by affidavits of the issuing attorney.

Attorney Livingston segregated the fees into three exhibits.  Exhibit 1 contains billings for the time spent from 1995 to 1997 on the City's Tenth Circuit appeal and preparing and trying the case to the jury in this matter.  Exhibit 2 contains his billings for the appeal of the City Personnel Board decision, first to the state district court, then to the state court of appeals.  Exhibit 3 contains billings for time spent in federal court from the beginning of the case in 1992 until the beginning of the Tenth Circuit appeal in July of 1995.  Attorney Chappell submits a separate fee request for the time she spent in the fall of 1997 in preparation for and participation in the trial of this matter.

Defendant argues the attorney's fees submitted in Exhibit 3 should be reduced because most of the referenced billings occurred prior to the dismissal of three counts of the complaint and nine of the original Defendants.  The fees requested in Attorney Livingston's Exhibit 1 and the request by Attorney Chappell should also be reduced according to Defendant because the "time devoted to trial of this matter included some time attributable to the unsuccessful

4

claims concerning procedural due process, substantive due process, breach of contract, and the Fifth and Ninth Amendments." Deft's Resp. Pltf's Mot. Award Att'ys' Fees & Costs [#141] at 3.

The fee applicant bears the burden of both establishing an entitlement to an award and, as importantly in this context, documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Ramos v. Lamm, supra; Carter v. Sedgwick County*, 929 F.2d 1501, 1506 (10th Cir. 1991).

Exhibit 1 covers Attorney Livingston's fees from 1995 to the present. Unfortunately, however, Attorney Livingston does not segregate his time by claims. This Court has therefore done the best it can to be fair based on the information submitted. Since trial in this matter began on October 6, 1997, and Livingston's billing entries beginning on September 9 appear to deal exclusively with trial preparation, the Court has taken these entries at face value and awarded Attorney Livingston $7,164.80 as attorney's fees for the trial of this matter. Again, segregating the costs based on the information provided, the Court will award costs of $304.40.

For the remainder of the billings provided on Exhibit 1, the Court is unable to segregate fees and expenses attributable to the lone constitutional claim on

which Plaintiff's counsel was successful.[1]  Because the time is not well identified, the Court has no choice but to attempt to assess the fees based on a ratio of the successful claim to the total number of claims dismissed for the period prior to trial.  Plaintiff's original complaint contained five basic counts: (1) violation of constitutional rights; (2) breach of contract and breach of covenant of good faith; (3) malicious prosecution; (4) defamation; and (5) outrageous conduct and punitive damages.  When all was said and done in both the state and federal proceedings, the jury awarded Plaintiff $15,000 for one of the constitutional deprivations alleged in Count I.  Defendant would further separate the constitutional claims in Count I and notes Plaintiff only prevailed on one in four of the constitutional claims.  When unsuccessful and successful claims concern a "common core of operative fact," however, the time dedicated to successful claims should be computed liberally.  *Egert v. Connecticut Gen. Life Ins. Co.*, 768 F. Supp. 216 (N.D. Ill. 1991); *see also Hensley v. Eckerhart*, 461 U.S. at 440.  The Court feels twenty percent, which represents the ultimate ratio of successful claims to unsuccessful claims, is a fair proxy on hours spent on the Fourth Amendment

---

[1] The vast majority of Attorney Livingston's time on Exhibits 1 and 2 consists of entries such as "call with Charles Kolberg," "telephone call and meeting with Eppie" (Plaintiff), and "revise and edit briefs."

claim prior to trial.  For the discovery and motion period, twenty percent of the remaining fees and costs is therefore awarded.  This equals $254.24.

Attorney Livingston's Exhibit 3 does not document the subject of the hours which he spent in prosecution of this case prior to Judge Vazquez's orders in May of 1995.  Again, this Court must reduce these hours because they occurred at the time when Plaintiff was still attempting to prosecute all of the claims in his complaint and some of the time in Exhibit 3 is thus logically attributable to prosecution of those unsuccessful claims.  Again, however, Defendant's theory that only one of the several constitutional claims alleged in Count I resulted in a favorable verdict, the Court feels the twenty percent formula more accurately represents the jury's verdict.  Use of the twenty percent figure would allow Attorney Livingston $1,748.13, for fees and expenses represented in Exhibit 3.

Exhibit 2 covers the appeal of the City Personnel Board's decision to the state district and appellate courts.  This proceeding provided Plaintiff no benefit on his constitutional claims and indeed ultimately proved detrimental based on this Court's decision applying *res judicata* to the remaining federal claims.

A review of Attorney Chappell's affidavit and billing indicates she did not begin to work on this case until September 28, 1997, and all of her billing entries appear to directly relate to her preparation for and participation in the trial in

7

which Plaintiff was successful. The fact that two attorneys participated in the trial does not necessarily disqualify such fees. *Ramos*, 713 F.2d at 555. She will therefore be awarded her attorney's fees and costs as requested in the amount of $2,704.61.

## **O R D E R**

For the reasons discussed above, Attorney Livingston is awarded $9,471.57 as attorney's fees and costs, and Attorney Chappell is awarded $2,704.61 as attorney's fees and costs. An amended judgment shall enter accordingly.

Dated at Albuquerque this 22nd day of December, 1997.

_____
BRUCE D. BLACK
United States District Judge

Counsel for Plaintiffs:

   Paul Livingston, Albuquerque, NM

   Susan G. Chappell, Albuquerque, NM

Counsel for Defendants:

   Charles W. Kolberg, Assistant City Attorney, Albuquerque, NM